**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUL 9 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

DOUGLAS C. TOWNSEND,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden; ATTORNEY
GENERAL STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 99-2014

(D.C. No. 97-CV-1366)

(D.N.M.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

Petitioner Douglas C. Townsend, appearing pro se, seeks a certificate of

appealability to challenge the district court's order dismissing his 28 U.S.C. § 2254

petition for a writ of habeas corpus.  We conclude Petitioner has failed to make a

substantial showing of the denial of a constitutional right.  Accordingly, we deny his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the disposition of this appeal.  See Fed. R. App. P. 34(a)(2)(C).  The case is therefore ordered submitted without oral argument.

request for a certificate of appealability and dismiss the appeal.

Petitioner is an inmate at the Central New Mexico Correctional Facility in Los Lunas, New Mexico, where he is serving twenty-eight years for multiple counts of attempted sexual exploitation of a minor. On October 22, 1997, Petitioner filed a petition for a 28 U.S.C. § 2254 writ of habeas corpus. In his petition, Petitioner alleged that:

1) his due process rights were violated when the district attorney failed to serve him with a signed copy of the amended indictment specifying the offenses to which he pled guilty;
2) his due process rights were violated when he agreed to a mandatory sentence of eight years but was sentenced to twenty-eight years;
3) there was insufficient evidence to support the plea and disposition agreement and to support counts three and four of the indictment.
4) the twenty-eight year sentence effectively punished him twice for the same crime in violation of the Double Jeopardy clause.

The district court referred the petition to a magistrate judge. In a well-reasoned report and recommendation, the magistrate judge recommended that the petition be dismissed. The district court adopted the recommendation and dismissed the petition. Petitioner requested a certificate of appealability, which the district court denied.

On appeal, Petitioner raises essentially the same arguments he presented to the district court. We have reviewed the parties' briefs, the district court's order, the magistrate's report and recommendation and the entire record before us. Petitioner has not shown that the district court's disposition is debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (substantial showing of denial of constitutional

right shown by demonstrating that: (1) issues raised are debatable among jurists, (2) an appellate court could resolve issues differently, or (3) the questions deserve further proceedings). Thus, we conclude Petitioner has not made a substantial showing of the denial of a constitutional right, DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3